UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IRBY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J. LOPEZ,<br><br>　　　　　Defendant. | 1:14-cv-01845 GSA PC<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

---

[1] Plaintiff consented to proceed before a magistrate judge on December 17, 2014 (ECF No 7).

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." Nietze v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v.Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Correctional Training Facility Soledad, brings this action against Defendant Correctional Officer (C/O) J. Lopez, an employee of the CDCR at Corcoran State Prison, where the event at issue occurred. Plaintiff claims that Defendant failed to protect him from assault by other inmates, in violation of the Eighth Amendment.

### Exhaustion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 207-08 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by

the process. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 §3084.1. The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

Here, Plaintiff concedes that he has not exhausted his available administrative remedies. Plaintiff indicates that "this is the first papers I've received concerning our lawsuit and don't really have any knowledge of how to proceed." Plaintiff is advised that he must file an inmate grievance in accordance with the above procedure and complete the grievance process prior to filing suit. Plaintiff must exhaust his administrative remedies prior to filing suit, not during the pendency of the suit. <u>See</u> <u>McKinney</u>, 311 F.3d at 1199 (requiring dismissal without prejudice where a prisoner "does not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed.")

**III.   Conclusion**

The Court has screened Plaintiff's complaint and finds that Plaintiff has conceded that he has not exhausted his available administrative remedies prior to filing suit. This action should therefore be dismissed without prejudice to re-filing once Plaintiff has exhausted his administrative remedies.

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. Plaintiff is also advised that an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th

1  Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in

2  and of itself without reference to the prior or superseded pleading." Local Rule 15-220.

3  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not

4  alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v.

5  Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

6      Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without

7  prejudice, for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. The

8  Clerk is directed to close this case.

9  

10  IT IS SO ORDERED.

11      Dated:   **May 16, 2015**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE